William C. Hecht, J.
Petitioner applies for an order annulling a determination of the respondent Bent Administrator directing an over-all decrease in rent for petitioner’s failure to (1) maintain attendant service in the lobby of its building on a 24-hour basis, and (2) hire an additional porter.
Petitioner, the owner of a building in which there are 48 apartments, contends that he never maintained 24-hour lobby attendant service, nor has he employed a separate porter in the building since 1945.
Bespondent argues that it made findings indicating that on March 1,1943 there were eight employees in the building, whose combined duties resulted in 24-hour lobby attendance and protection. In March of 1949, about four years after the present landlord purchased the building, he requested an opinion from the Housing Expediter whether a change from manual to automatic elevator service constituted a decrease in essential services and received a reply in the negative, with a statement “ provided it does not materially affect other services to which the tenants were entitled on June 30, 1947.” Thereafter the landlord by various changes, including automatic elevator service and conversion to oil heating, reduced the number of his full-time employees to four and engaged one employee on a part-time basis. He now employs two doormen, a service elevator operator and a resident superintendent.
Bespondent further found that the number of employees now engaged makes it impossible for the landlord to render services equivalent to those to which the tenants were entitled, and on the basis of reduced essential services decreased the rent by 7% to equal the saving to the landlord.
Pursuant to section 4 (subd. 5, par. [b]) of the State Besidential Bent Law (L. 1946, ch. 274, as amd.), the Administrator is empowered to order the reduction of rents where essential services had been decreased. Although petitioner no longer requires elevator operators or a fireman for the boilers, there having been a conversion to oil heat, the number of his present employees, according to the testimony offered by the tenants, does not make for that type of service to which the tenants are entitled, in the judgment of respondent. It appears that his findings of a decrease in essential services is supported by the record.
As has been oft repeated in proceedings of this nature, the court, with the limited power of review which it has, cannot substitute its judgment for that of respondent unless it is clearly shown that his determination was unfounded in fact, arbitrary, *808 unreasonable or capricious. There has been no showing by petitioner that such is the case here.
Accordingly, the petition is dismissed and the application denied.