In the Matter of ALEXANDER HIRSCH, Respondent, against TEMPORARY STATE HOUSING RENT COMMISSION, Appellant.

First Department, February 23, 1960.

*Jacob B. Ward* of counsel (*Harold Zucker,* attorney), for appellant.

*David L. Charal* for respondent.

*Per Curiam.* In this article 78 proceeding the landlord seeks to annul an order of the State Rent Commission which decreased the maximum rentals for the apartments in his buildings by approximately 25% by reason of the elimination of 24-hour doorman service. In so doing the Administrator fixed the amount of the rent reduction based upon the savings in salaries realized by the landlord. Special Term, while impliedly sustaining the finding that there had been a decrease in essential services, held that the basis used by the Administrator for arriving at the amount of the reduction was improper. The matter was accordingly remanded for the purpose of having

the Rent Administrator compute a new maximum rental by determining the rental value of the apartments, taking into consideration the discontinuance of the doorman service.

The State Administrator relied upon subdivision (b) of section 36 of the State Rent and Eviction Regulations to reduce the rents. This section permits a reduction " by that amount which the Administrator finds to be the *reduction in the rental value* of the housing accommodations because of the decrease in * * * essential services ". (Emphasis supplied.)

The hearing officer at the local rent office in recommending a reduction of rental reported as follows:

" There has been a reduction of 4 men or a total annual salary of $16,000.—— It takes 4 men to cover 24 hrs. doorman service.

" There are 59 units at an average rent of $85.——, total monthly rent $5015.—— or annual rental of $60,180.——

" The saving to the LL. is more than 25%, therefore it is recommended that all rents be reduced by 25%."

The State Rent Administrator, as in the case of the Local Rent Administrator, made no independent finding of reduced rental value, but instead reduced all rents by approximately 25%, in effect following the recommendation of the report. It is thus quite apparent that the reduction ordered was based, not upon the actual decrease in rental value, but solely upon the amount of the saving to the landlord.

In urging the reversal of the order appealed from, the Rent Administrator points to *Matter of Haberman* v. *McGoldrick* (18 Misc 2d 806, affd. 285 App. Div. 1146, motion for leave to appeal denied 309 N. Y. 1031). Our affirmance in that case does not constitute a holding that the Rent Administrator may use, as the measure of the reduction, an amount equal to the savings realized by the landlord from the services eliminated. In that case, while the reduction ordered did correspond to the amount of the saving — which, incidentally, amounted to 7% — the reduction in rents was based upon the *decrease in rental value* as determined from all of the facts. This is apparent from the Administrator's language in his opinion on the protest where he stated: " The Local Rent Administrator accordingly properly determined, *from all of the facts, that there has been a decrease in rental value* of the respective apartments resulting from such reduction in services, *and such decrease in rental value* is in varying amounts * * * approximately 7%." (Emphasis supplied.)

It may well be that while in some cases, and possibly in this case, as in the *Haberman* case, the Administrator may find the

actual decrease in rental value equivalent to the saving realized by the landlord, such result must be based upon a specific finding to that effect. Of course, if the Administrator wishes to employ a sanction, based on some different test, it may be he could do so by regulation; but on such possible regulation and its validity the court does not now pass.

Although this intermediate order is not appealable unless leave is obtained as required by section 1304 of the Civil Practice Act, we consider it because there was no motion made to dismiss nor was the question of the nonappealability of the order raised on the appeal. (*Matter of Wilder* v. *Straus-Duparquet, Inc.*, 5 A D 2d 1.) However, we are limiting our consideration to the points raised by the appellant and we do not now pass upon the propriety of the finding that there was a dimunition of essential services.

Accordingly the order should be affirmed, with costs to respondent.

BREITEL, J. P., RABIN, VALENTE, McNALLY and STEVENS, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the petitioner-respondent.